```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
CHARLES J. SMITH,                                                 :
                                                                  :
                              Petitioner,                         :     13-CV-7595 (JMF)
                                                                  :
              -v-                                                 :     MEMORANDUM OPINION
                                                                  :          AND ORDER
PAUL CHAPPIUS,                                                    :
                                                                  :
                              Respondent.                         :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Charles J. Smith, a state prisoner proceeding *pro se*, petitions for the writ of habeas corpus pursuant to Title 28, United States Code, Section 2254. (Docket No. 1). Most details of Petitioner's conviction are irrelevant for present purposes. Instead, it suffices to say that Petitioner was convicted over eighteen years ago — on October 10, 1996 — in New York State Court of Murder in the Second Degree, in violation of N.Y. Penal Law § 125.25(1), and Criminal Use of a Firearm in the First Degree, in violation of N.Y. Penal Law § 265.09(1), and sentenced to concurrent terms of imprisonment of from twenty-five years to life on the murder charge, and from twelve and a half to twenty-five years on the firearm charge. Petitioner's conviction became final on September 20, 2000, when his time to petition the United States Supreme Court for a writ of *certiorari* expired. Petitioner has since filed various petitions for post-conviction relief, mostly (but not exclusively) in state court. The present petition, filed on October 28, 2013, is at least his sixth such petition. The question presented — raised by Respondent's pre-Answer motion to dismiss (Docket No. 27) — is whether the petition is time barred.

It plainly is.  Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, there is a one-year limitations period for the filing of a habeas petition by a person in custody pursuant to a state court conviction.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period runs from the latest of: "(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  *Id.*  Further, "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted."  *Id.* § 2244(d)(2).

Here, as noted, Petitioner's conviction became final on September 20, 2000 — ninety days after the New York Court of Appeals denied leave to appeal (Affirmation (Docket. No. 28) ("Vickey Affirmation"), Ex. G), when the time to petition the United States Supreme Court for a writ of *certiorari* expired.  *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001).  Thus, Petitioner had only until September 20, 2001, to file for federal habeas relief, and his present petition — filed over *twelve years* later — is long since untimely.  Even adjusting for the statutory tolling provided by Section 2244(d)(2), Petitioner's instant petition is well beyond the one-year limitations period.  He did not file his first petition for state post-conviction relief until January 30, 2006 — over five years after his conviction became final.  And while he did file a

2

federal habeas petition before then — a petition he eventually withdrew — it is well established that Section 2254(d)(2) "does not toll the limitation period during the pendency of a federal habeas petition." *Duncan v. Walker*, 533 U.S. 167, 181 (2001). (In any event, he inexplicably waited another two years after the federal petition was dismissed to file his first state petition.)

Nor does Petitioner present any basis for equitable tolling of the statute of limitations, which is available only in "rare and exceptional circumstances." *Green v. United States*, 260 F.3d 78, 82-83 (2d Cir. 2001). A habeas petitioner is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Here, although Petitioner appears to disclaim reliance on equitable tolling (Affirmation for Timeliness (Docket No. 9), at 14), he does allege that corrections officials took various steps to prevent him from seeking relief — including, for example, physically blocking the mailbox, assaulting him, and destroying his legal papers. (Pet. 5, 17). All of that alleged conduct took place in early 2001, however, and it did not prevent Petitioner from filing his first federal habeas petition in August 2001, *see* Petition for a Writ of Habeas Corpus, *Smith v. New York*, No. 01-CV-8976 (S.D.N.Y. Oct. 9, 2001) (Docket No. 2), let alone the many lawsuits and petitions that he has filed since that time. (Vickey Affirmation 19 n.3). Accordingly, "the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003) (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)).

Finally, Petitioner's claim of "actual innocence" does not provide a basis to bring his petition at this late date. Although a claim of actual innocence can provide a "gateway" to

consideration of an otherwise time-barred petition, the claim must be both "credible" and "compelling." *Rivas v. Fischer*, 687 F.3d 514, 541, 548 (2d Cir. 2012); *see also McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013).  For a claim to be "credible," it must be supported by "*new* reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995) (emphasis added); *see Rivas*, 687 F.3d at 541.  And for a claim to be "compelling," a petitioner must demonstrate that "more likely than not, in light of the *new* evidence, no reasonable juror would find him guilty beyond a reasonable doubt — or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006) (emphasis added); *see Rivas*, 687 F.3d at 541.  Here, Petitioner's claim of actual innocence falls far short of those standards, as he presents no "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence . . . that was not presented at trial." *Rivas*, 687 F.3d at 541.  Instead, Petitioner merely impugns the evidence and testimony presented at trial and offers alternative interpretations of the facts (Pet. 35-49), which — by definition — does not qualify as "new" evidence "that was not presented at trial." *Schlup*, 513 U.S. at 324; *see also, e.g.*, *Olivares v. Ercole*, 975 F. Supp. 2d 345, 354 (S.D.N.Y. 2013) (holding that "a rehashing of the testimony and argument already presented to the state jury" does not constitute "credible or compelling" evidence).

     For the foregoing reasons, Respondent's motion to dismiss is GRANTED, and the petition is dismissed as untimely.  Petitioner's motions for discovery and an "order of injunction" are thus denied as moot. (Docket Nos. 19-20).  As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  In

addition, this Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate Docket Nos. 19, 20, and 27, to close the case, and to mail a copy of this Memorandum Opinion and Order to Petitioner.

SO ORDERED.

Date: November 6, 2014
New York, New York

JESSE M. FURMAN
United States District Judge